FIFTH DEPARTMENT, JANUARY TERM, 1894.          [Vol. 75.

MAUDE M. BURKE, Appellant, *v.* JOHN J. A. BURKE, Respondent.

*Separation — acts that do not justify the court in granting it.*

The evidence of contentions and quarrels between husband and wife which is insufficient to sustain an action by the wife for a separation on the ground of cruel and inhuman treatment and of conduct such as renders it unsafe and improper for her to cohabit with her husband, reviewed and commented upon.

When the report of a referee to the effect that a woman has failed to establish the allegations of her complaint, that her husband has neglected to provide for her support, will not be disturbed.

APPEAL by the plaintiff, Maude M. Burke, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Monroe county on the 11th day of February, 1892, on the report of a referee dismissing the complaint on the merits, without costs.

*John P. Bowman*, for the appellant.

*Wm. F. Cogswell*, for the respondent.

LEWIS, J.:

This action was brought for a limited divorce, the plaintiff in her complaint charging that the defendant had been guilty of such cruel and inhuman treatment of her, and of such conduct as to render it unsafe and improper for her to cohabit with him, and upon the further ground that the defendant had neglected to provide for her.

The action was referred to Ex-Judge JAMES C. SMITH, who, after an extended trial of the issues, made his report, dismissing the plaintiff's complaint. A judgment was directed for the defendant upon the report of the referee, and from the judgment entered plaintiff brought this appeal.

The parties were married in the city of Rochester on the 22d day of February, 1887, and lived together as husband and wife in that city until the 9th day of May, 1889, when the plaintiff left the defendant's home and thereupon brought this action for separation.

The cause was tried at great length; the evidence contained in the record covers more than 350 pages of printed matter; the story of the bickerings and altercations of the parties during the two years and over that they lived together, as related by them and their

witnesses, tends pretty conclusively to show that their home life was anything but a pleasant one.

Their contentions and quarrels seem to have resulted, in many instances, from very trivial causes, and were exaggerated by the irascible and ungovernable temper of both of the parties. It is difficult to arrive at a satisfactory conclusion, after a careful perusal of the evidence, as to which one conduced most to bring about the final separation. It is very apparent that they failed to appreciate the obligations they assumed to each other when they entered into their marriage vows.

The maturer years and larger experience of Dr. Burke should have enabled him to have better controlled his temper and language, and to have induced him to treat his young wife with greater tenderness and respect. The evidence tends to show that his treatment of her was, on many occasions, severe and unjust.

The serious and irritating physical malady from which the doctor was suffering during the time should have admonished the plaintiff that it was her duty to be kind and attentive to his wants and wishes. He was for a long time very seriously ill, so much so that his life was despaired of. He was exceedingly nervous and irritable. He had been subjected to a severe surgical operation and had resorted to the use of anæsthetics to allay his pains and nervousness.

All this tends to account in a measure for his language and conduct. There was much evidence tending to show that while the defendant was in this condition the plaintiff was irritable and guilty of conduct and the use of language to her husband which tended to annoy and provoke him. Much of the time the parties lived peaceably with each other, but their altercations and quarrels were quite frequent and very bitter.

It is the policy of the law not to grant separations or divorces for slight and trivial causes. When parties have deliberately entered into such relations it is incumbent upon them to do everything in their power to make the union a happy one; and while it is not uncommon that at first misunderstandings and bickerings arise, as a rule the parties finally adapt themselves to their new relations and live comparatively happily with each other.

The testimony does not sustain the charge that the defendant failed to provide for the plaintiff. The learned referee, a man of

large experience and great legal learning, after hearing the testimony and seeing the witnesses, concluded that the plaintiff had failed to establish the allegations of her complaint, and made a report dismissing her action. His report was confirmed at the Special Term, and, after a careful review of all of the evidence, we think the referee arrived at the correct conclusion, and we find no reason for disturbing the judgment.

The judgment should be affirmed, without costs of the appeal to either party.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment appealed from affirmed, without costs to either party.